UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60540-CIV-COHN

AUDREY AUSTIN f/k/a
AUDREY BRICENO,                                    Magistrate Judge Seltzer

       Plaintiff,

vs.

SPIRIT AIRLINES, INC.

       Defendants
_____/

## ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT
## ORDER CLOSING CASE

_____THIS CAUSE is before the Court upon Defendant Spirit Airlines, Inc.'s Motion to

Enforce Settlement Agreement [DE 15], Plaintiff's Response thereto [DE 20] and

Defendant's Reply [DE ]. The Court has carefully considered the motion and is

otherwise fully advised in the premises.

### I.  BACKGROUND

Defendant Spirit Airlines, Inc. ("Defendant") removed this action filed by Plaintiff

Audrey Austin ("Plaintiff") for employment discrimination to this Court on April 16, 2008.

On June 3, 2008, Defendant's counsel sent Plaintiff's counsel a counter-offer to settle

all claims for $15,000, a substantial reduction from Plaintiff's demand of $60,000.  In

the letter, Defendant's counsel referenced Spirit Airlines' lack of assets, its recent

posting of a WARN Act notice of a layoff of a significant number of workers, and a

newspaper account of the layoffs.  Counsel stated that the company could not afford a

$60,000 settlement given the state of the airline business, but offered $15,000 to be

paid within 30 days of execution of a full release.  The final sentence of this key

paragraph stated, in reference to the payment, that "if there were bankruptcy filings in

the future, that payment would also be subject to the bankruptcy laws."  Exhibit 1 to

Plaintiff's Response at p. 5 of 21 [DE 20].

On June 26 and June 27, 2008, Plaintiff's counsel sent by facsimile and email

confirmation of Plaintiff's acceptance of a $17,000 settlement.[1]  However, after

Defendant's counsel forwarded a proposed Release, Plaintiff apparently changed her

mind about accepting the settlement.  Defendant then filed the present motion to

enforce settlement.

## II.  DISCUSSION

The law regarding settlement agreements within the Eleventh Circuit Court of

Appeals is that a settlement agreement is a contract and, as such, its construction and

enforcement are governed by principles of Florida's general contract law, even for

federal claims.  Schwartz v. Florida Bd. of Regents, 807 F.2d 901, 905-06 (11th Cir.

1987); see also Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347 (11th Cir.

2000) (settlement agreement resolving federal claims still interpreted under Florida

law).  In Defendant's motion, he sets out a sufficient case for enforcement of the

settlement.

Plaintiff opposes enforcement of the settlement based solely upon allegations of

---

[1]  Presumably the time from June 3 to June 26 was spent negotiating the final
settlement figure of $17,000 and Plaintiff deciding whether to accept the offer.

fraud in the inducement regarding Defendant's financial situation.[2]  Under Florida law,

fraud in the inducement contains the following elements: 1) a false statement regarding

a material fact; 2) the person making the statement knew or should have known that the

representation was false; 3) intent by the person making the statement to induce action

or reliance; and 4) injury suffered because of justifiable reliance on the representation.

Biscayne Inv. Group, Ltd. v. Guar. Mgmt. Servs., Inc., 903 So. 2d 251, 255 (Fla. 3d

DCA 2005) (citing Samuels v. King Motor Co., 782 So. 2d 489 (Fla. 4th DCA 2001)).

    Plaintiff argues that Defendant's counsel misled Plaintiff into believing that Spirit

was on the verge of bankruptcy.  Plaintiff relied upon Defendant's counsel's statement

of "imminent bankruptcy since Defendant was the only one who knew what it was going

to do.  Given the recent history of the airline industry and the soaring coast of fuel,

Plaintiff reasonably believed and relied on Defendant's claims."  Plaintiff's Response at

p. 2.  Plaintiff submits her sworn declaration that she relied upon Defendant's statement

that "they were in a severe economic crisis with the possibility of filing bankruptcy" in

accepting a low settlement."  Exhibit 2 to Plaintiff's Response at p. 8 of 21.

    In its reply memorandum, Defendant argues that it has met its burden of

establishing Plaintiff's assent to the agreement.  The Court agrees that there is no

dispute that Plaintiff agreed to the settlement.  As to the fraud in the inducement

argument, Defendant first asserts that there was no misrepresentation in that all

statements in counsel's June 3, 2008 letter were true.  The letter did not state that Spirit

was on the verge of bankruptcy, but rather disclosed that if there were a future

---

[2] Plaintiff does not deny that she agreed to the settlement.

3

bankruptcy filing, any payment made within 30 days prior to the filing would be subject to the bankruptcy laws.  This statement is true as to the power of a bankruptcy court to potentially void payments made within 30 days prior to the bankruptcy filing.  The statements as to layoffs was true and publicly known, as evidenced by the newspaper article attached to the letter.

Defendant also points out that even if there was any misrepresentation, Plaintiff cannot justifiably rely upon assertions of opposing counsel.  Mergens v. Dreyfoos, 166 F.3d 1114, 1117-18  (11th Cir. 1999).  The Court agrees.  The fact that Plaintiff did research showing that Spirit was in fact expanding service shortly after her agreement to the settlement does not prove Plaintiff's point that there was a misrepresentation. Exhibit 2 at pp. 11-21 of Plaintiff's Response.  Rather, Plaintiff should have done her research on whether to agree to the settlement prior to expressing her agreement to the settlement, not after.

Defendant has met its burden to show that the settlement agreement was agreed to by Plaintiff.  Plaintiff has failed to show that Defendant made any misrepresentations. Even if a misrepresentation was made, Plaintiff did not justifiably rely upon opposing counsel's statements.  Therefore, the Court will grant the motion to enforce settlement.

### III.  CONCLUSION

The Court concludes that though it is enforcing the settlement agreement, the Defendant's request for fees and costs as sanctions is denied.  Defendant's letter did mention the word "bankruptcy," and though it was not reasonable for Plaintiff to rely upon adverse's counsel mentioning of this word, her refusal to complete the settlement

under these circumstances is not sanctionable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendant Spirit Airlines, Inc.'s Motion to Enforce Settlement Agreement [DE 15]

is hereby **GRANTED**;

2.    Defendant's Request for Attorney's Fees is **DENIED**;

3.    Plaintiff is hereby **COMPELLED** to execute a full settlement agreement,

including a full release, confidentiality, non-disclosure and no-rehire provisions;

4.    This action is hereby **DISMISSED WITH PREJUDICE** upon payment of the

$17,000 within 30 days of execution of the agreement;

5.    The Clerk may close this case at this time for administrative purposes;

6.    Any pending motions shall be denied as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 17th day of November, 2008.

Copies furnished to:
counsel of record on CM/ECF